IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL JENKINS,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent.* | CIVIL ACTION NO.<br>5:14-cr-00001-TES |

**ORDER DENYING JENKINS' MOTION FOR RECONSIDERATION**

On May 1, 2020, this Court declined Michael Jenkins' request for a sentence reduction under the CARES Act, § 3582(c)(1)(A) "or any other means available." [Doc. 42]; [Doc. 43]. The Court dismissed Jenkins' Petition without prejudice, finding that he failed to exhaust all administrative remedies. [Doc. 43]. Jenkins now moves for reconsideration of this Court's Order, which the Court **DENIES** for the following reasons. [Doc. 44].

A.   **Standard of Review**

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if a party demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at

the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

### B.  Jenkins' Motion for Reconsideration

In its Order, the Court found that Jenkins had not exhausted all administrative remedies before he filed his petition for compassionate release with the Court. [Doc. 43, p. 2]. In his Motion for Reconsideration, Jenkins contends that he cannot exhaust administrative remedies because the staff will not give him forms, but he also argues that the Court should waive the exhaustion requirement. [Doc. 44, p. 1].

> First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

*United States v. Boyd*, No. 3:14-CR-86, 2020 WL 2106023, at *1 (E.D. Tenn. May 1, 2020); *see also United States v. Staltare,* No. 8:14-cr-460-T-33TBM, 2020 WL 2331256, at *1 (M.D. Fla. May 11, 2020); *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *1—2 (N.D. Ala. Apr. 22, 2020) (only the BOP has the authority to place a defendant on

home confinement under the CARES Act). This Court agrees with other district courts that have found they lack the authority to just unilaterally release prisoners under the CARES Act.

As far as Defendant's motion to reduce his sentence to permit his immediate release with a condition of home confinement, a court may not modify a term of imprisonment once it has been imposed unless certain exceptions apply. Section 3582(c)(1)(A) plainly provides that inmates may move for what is often called "compassionate release," but only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." (emphasis added). Therefore, before this Court may consider an inmate's motion for compassionate release, the inmate must either:

(1) request the BOP file a motion on his behalf and, if denied by the BOP, exhaust all administrative appeals, or

(2) request the warden of his facility file a motion on his behalf and wait 30 days before filing a motion in the district court.

*Daniels,* 2020 WL 1938973, at *2 (citing § 3582(c)(1)(A)). While Jenkins claims that he cannot exhaust his administrative rights, he has not offered any evidence that he has actually tried to do so. His conclusory statements that staff will not give him the forms

3

to appeal because the staff is looking over every prisoner's file in order to see if they can be released on home confinement (which is available only under the CARES Act), does not mean that he has been denied a grievance or appeal of a specific request for compassionate release under §3582(c)(1)(A)(i). In fact, Jenkins plainly states that his warden has already approved him for release to home confinement under the CARES Act, but he hasn't been released yet. [Doc. 42, p. 1]. Jenkins apparently wants the Court to waive all exhaustion or waiting requirements. This the Court cannot do. *See Staltare,* 2020 WL 2331256, at *1 (collecting district court cases finding the exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic); *United States v. Black,* No. 2:12-cr-263-3, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020).

Accordingly, the Court **DENIES** Jenkins' Motion for Reconsideration [Doc. 44], and the Court's previous Order [Doc. 43] stands as filed.

**SO ORDERED**, this 17th day of May, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**